Chester **BOWLES, Administrator, OPA, et al. v. JACOBSON et al.**

**No. 11000.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1944.

Harold Craske, Litigation Atty., O P A, Fleming James, Jr., Director, Litigation Division, O P A, and David London, Chief, Appellate Branch, O P A, all of Washington, D. C., and David B. Love, Regional Litigation Atty., O P A, of Dallas, Tex., for appellants.

J. Manuel Hoppenstein, of Dallas, Tex., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The opinion of the court below entirely misconceived the purpose of the War Powers Act, which is here under consideration: "* * * Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material or of any facilities for defense or for private account or for export, the President may allocate such material or facilities in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense." 50 U.S.C.A.Appendix, § 633, Sec. 2(a) (2).

It is not an Act to punish, but a provision whereby one of the arms of the Government may and must see to it that the allocation of fuel oils is preserved by an efficient and equitable distribution. Violations by those dispensing these fuels are, therefore, obviously germane to the problem of allocation, since they indicate that this scarce and vital commodity may be and is being "distributed in an inefficient, inequitable, and wasteful way."

We do not attempt to set out the evidence, which is without dispute, and which discloses that petitioners were wilfully violating the Act. Such a course might indicate that we sought the punishment of petitioners, which is not the case. The Act does not attempt to punish but to preserve and allocate fuel oils in such a way that what is left after war needs are met may be divided equitably among all consumers who are similarly situated.

Our soldiers are feeding ammunition at this very hour into steel-lipped guns, and they must rely upon us to see to it that they receive this ammunition promptly, and along with it food supplies and equipment. This means that fuel oils for motor vehicles carrying these supplies to our soldiers must be preserved, whatever the cost. The very life of our Republic depends upon preserving war needs of which this fuel comprises a vital part. It might not be amiss to pass to you our observation that we are prone to become irritated and to complain and

976

jostle each other when we are restrained as to our wants and desires, and we thereupon shout our criticism of those who are preserving for us vital war materials.

The suspension order under consideration is a valid and constitutional exercise of the allocation power provided by the Second War Powers Act. L. P. Steuart & Bro. v. Bowles, 322 U.S. 398, 64 S. Ct. 1097, 88 L.Ed. ——; Brown v. Wilemon, 5 Cir., 139 F.2d 730; Talbert v. Sims, 4 Cir., 143 F.2d 958.

The judgment and restraining order of the court below is reversed and the cause is remanded with direction to enter a decree in all respects upholding the order of the Price Administrator.

Reversed and remanded with direction.